UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION


UNITED STATES OF AMERICA,          )
                PETITIONER,        )
                                   )
          V.                       )       5:08-HC-2108-BO
                                   )
PAUL ALDRICH,                      )
                RESPONDENT.        )
_____    )


STATUS CONFERENCE
OCTOBER 27, 2010
BEFORE THE HONORABLE TERRENCE W. BOYLE
U. S. DISTRICT JUDGE



APPEARANCES:

FOR THE PETITIONER:

MR. R.A. RENFER, JR.
ASST. U.S. ATTORNEY
310 NEW BERN AVE.
RALEIGH, NC


FOR THE RESPONDENT:

MS. SUZANNE LITTLE
MS. JANE PEARCE
FEDERAL PUBLIC DEFENDER
RALEIGH, NC

MR. MARK SIGMON
ATTORNEY AT LAW
4350 LASSITER AT NORTH HILLS, SUITE 375
RALEIGH, NC


COURT REPORTER:  DONNA J. TOMAWSKI
STENOTYPE WITH COMPUTER AIDED TRANSCRIPTION

```
 1                      OCTOBER 27, 2010

 2          THE COURT:  YOU ARE MR. SIGMON?

 3          MR. SIGMON:  YES, SIR.

 4          THE COURT:  YOU FILED THE 2241 BRIEF?

 5          MR. SIGMON:  CORRECT.

 6          THE COURT:  THANK YOU.  MR. SIGMON, YOUR BRIEF

 7   ARGUES THE POINT THAT WE HEARD IN THE LAST CASE, THAT THE

 8   EXISTENCE OF PROCEDURES UNDER 4248 IS NOT TO INTERFERE

 9   WITH THE AVAILABILITY OF HABEAS UNDER 2241.

10          MR. SIGMON:  YES, YOUR HONOR.

11          THE COURT:  AND THAT'S FOUNDATIONAL, ISN'T IT?

12   I MEAN, THE SUPREME COURT HAS SAID THAT LONG AGO.  IT

13   DOESN'T REQUIRE YOU TO FORGO HABEAS IF YOU ARE BEING

14   ILLEGALLY DETAINED.

15          MR. SIGMON:  THAT'S CORRECT, YOUR HONOR.  AND IN

16   ADDITION, I THINK AS YOUR HONOR POINTED OUT, I DON'T SEE

17   HOW AN UNCONSTITUTIONAL SCHEME ITSELF COULD BE AN

18   ALTERNATIVE.

19          THE COURT:  ALL RIGHT.  THANK YOU.

20       MS. LITTLE, YOU AND MS. PEARCE ARE HERE?

21          MS. LITTLE:  THAT'S CORRECT.

22          THE COURT:  YOUR CLIENT, IS HE BEING HOUSED IN

23   MARYLAND?

24          MS. LITTLE:  HE IS HOUSED IN THE MARYLAND UNIT,

25   YOUR HONOR.  HE WAS TRANSFERRED TO BUTNER APPROXIMATELY
```

1  THE SUMMER OF 2007.  HE WAS IN GENERAL POPULATION UNTIL

2  ABOUT OCTOBER OF 2008 AND THEN HE WAS MOVED INTO THE

3  MARYLAND UNIT IN OCTOBER OF 2008.  THE CERTIFICATION WAS

4  FILED ON JULY 24, 2008.

5          **THE COURT:**  WHAT WAS HIS RELEASE DATE?

6          **MS. LITTLE:**  HIS RELEASE DATE WAS OCTOBER 13,

7  2008.  HE WAS DETAINED -- HE WAS IN CUSTODY BECAUSE HE HAD

8  BEEN CONVICTED OF A 922(G)(1) IN THE NORTHERN DISTRICT OF

9  NEW YORK BACK IN 2006.  HE GOT A 30-MONTH SENTENCE WITH

10  THREE YEARS OF SUPERVISED RELEASE.

11          **THE COURT:**  SO WHEN HE WAS CERTIFIED, DID THEY

12  MOVE HIM OR DID THEY LEAVE HIM IN THE SAME POPULATION,

13  THEY JUST USED IT AS A LATER ADJUDICATION?

14          **MS. LITTLE:**  CORRECT.  HE WAS CERTIFIED.  THE

15  CERTIFICATION WAS ACTUALLY DATED IN MAY OF '08.  IT WAS

16  FILED IN COURT ON JULY 24, '08, AND THEN HE WAS MOVED FROM

17  GENERAL POPULATION TO THE MARYLAND UNIT IN OCTOBER OF

18  2008.

19          **THE COURT:**  AT THE EXACT POINT OF HIS SENTENCE

20  EXPIRING?

21          **MS. LITTLE:**  APPROXIMATELY, UH-HUH.

22          **THE COURT:**  AND SO HE'S BEEN, SINCE OCTOBER OF

23  '08, IN 4248 DETENTION?

24          **MS. LITTLE:**  THAT'S CORRECT.

25          **THE COURT:**  TWO YEARS APPROXIMATELY?

1          **MS. LITTLE:**  CORRECT.

2          **THE COURT:**  AND YOU HAVE HIS CERTIFICATION?

3          **MS. LITTLE:**  YES, YOUR HONOR.  WE HAVE A COPY OF

4    IT.

5          **THE COURT:**  AND THE BASIS, THE FACTUAL BASIS FOR

6    IT APPEARS ALL IN PARAGRAPH THREE, SUB PARAGRAPHS A, B AND

7    C?

8          **MS. LITTLE:**  RIGHT.  THERE'S THREE GROUNDS FOR

9    THE CERTIFICATION.  FIRST WAS THE PRIOR CONVICTION IN NEW

10   YORK BACK IN 1989 FOR A SEX OFFENSE.  THERE WAS A LIMITED

11   PSYCHOLOGICAL REVIEW AS WELL AS RESULTS OF THE TESTS, THE

12   STATIC99 AND THE RRASOR.  WHEN I SPOKE WITH MY CLIENT, HE

13   DOES NOT RECALL GOING THROUGH ANY TESTING.

14         **THE COURT:**  THIS ALL HAPPENED WHILE HE WAS IN

15   THE BOP SERVING HIS ACTIVE SENTENCE?

16         **MS. LITTLE:**  WE PRESUME THAT'S WHAT HAPPENED,

17   THAT'S CORRECT.

18         **THE COURT:**  BECAUSE THE CERTIFICATE COMES,

19   DOESN'T IT, IT COMES IN MAY OF '08, SO IT COMES WHILE HE'S

20   SERVING HIS ACTIVE SENTENCE?

21         **MS. LITTLE:**  THAT'S CORRECT.

22         **THE COURT:**  COULDN'T BE LATER IN TIME.

23         **MS. LITTLE:**  IT WAS DEFINITELY, BECAUSE HIS

24   ACTIVE SENTENCE WAS DUE TO EXPIRE OCTOBER 13, SO IT WAS

25   WRITTEN WHILE HE WAS SERVING HIS ACTIVE SENTENCE AND FILED

1    BEFORE HIS ACTIVE SENTENCE HAD BEEN COMPLETED AS WELL.

2            **THE COURT:**  WAS HE GIVEN ANY PROCEEDINGS TO

3    CHALLENGE THIS OR TO HAVE ANY INPUT INTO IT?

4            **MS. LITTLE:**  NOT THAT I'M AWARE OF, NO.  HE WAS

5    ASKED IF HE WOULD LIKE TO PARTICIPATE IN THE PSYCHOLOGICAL

6    EVALUATION AND HE DID NOT WANT TO PARTICIPATE IN THAT.

7            **THE COURT:**  OTHER THAN THE CONDUCT IN 1989 FOR

8    WHICH HE WAS SENTENCED, IS THERE ANY OTHER ADJUDICATED

9    CONDUCT OF A SEXUAL NATURE?

10            **MS. LITTLE:**  I AM NOT AWARE OF ANY OTHER CONDUCT

11    THAT WAS A PART -- CONSIDERED AS PART OF THIS

12    CERTIFICATION.  ALL I REALLY GOT IS WHAT THEY HAVE, THE

13    BASIS, THE CERTIFICATION THAT THEY STATE IN THEIR

14    PAPERWORK.  SO I CAN'T PRESUME THAT THEY HAVE LOOKED AT

15    ANYTHING ELSE.

16            **THE COURT:**  OKAY.  HE HAS A THREE-YEAR TERM OF

17    SUPERVISED RELEASE?

18            **MS. LITTLE:**  THAT'S CORRECT, YOUR HONOR.

19            **THE COURT:**  EVEN IF IT WERE TO BEGIN AT THE

20    COMPLETION OF HIS SENTENCE, HE STILL HAS AT LEAST A YEAR,

21    ALMOST, OF THAT?

22            **MS. LITTLE:**  YEAH.

23            **THE COURT:**  OKAY.  THANK YOU.

24        NO ONE REALLY KNOWS, IN THE COURSE OF THIS LITIGATION

25    THAT'S BEEN GOING ON NOW FOR SEVERAL YEARS, IF THE LAW IS

1 THAT ASSUMING A PERSON IS NO LONGER CERTIFIED AND THE

2 CERTIFICATION TERMINATES FOR SOME REASON, EITHER

3 VOLUNTARILY OR OTHERWISE, THERE'S NO CASE LAW THAT WOULD

4 EXPLAIN WHAT HAPPENS TO THE SUPERVISED RELEASE, IS THERE?

5      **MR. RENFER:**  YOU ARE ASKING ME, YOUR HONOR?

6      **THE COURT:**  YEAH.

7      **MR. RENFER:**  THERE IS NO CASE LAW.

8      **THE COURT:**  I MEAN, ONE COULD ARGUE IT WAS

9 RUNNING BECAUSE YOU WERE IN A CUSTODIAL SETTING THAT WAS

10 AT LEAST AS RESTRICTIVE AS SUPERVISED RELEASE, SO EQUITY

11 WOULD CAUSE IT TO RUN OR ANOTHER ONE COULD ARGUE THERE'S

12 NO EQUITY IN CRIMINAL LAW AND SO IT'S THERE AND YOU HAVE

13 TO DO IT OR YOU COULD ARGUE THAT IF IT HADN'T YET EXPIRED

14 IT ATE INTO IT BUT IT DIDN'T END IT.

15      **MR. RENFER:**  ALL OF THESE ARE ARGUMENTS, YOUR

16 HONOR, YES.

17      **THE COURT:**  BUT SOMEBODY WILL HAVE TO KNOW AT

18 SOME POINT.

19      **MR. RENFER:**  THAT IS CORRECT.  I EXPECT THE

20 COURT AND ULTIMATELY THE APPELLATE COURTS, IF NOT THE

21 SUPREME COURT, WILL DECIDE THAT ISSUE.

22      **THE COURT:**  CERTAINLY THE APPELLATE COURTS.

23      **MR. RENFER:**  CERTAINLY, YES, SIR.

24      **THE COURT:**  BECAUSE THE DAY IS GOING TO COME,

25 IRRESPECTIVE OF WHAT WE'RE DOING HERE TODAY, WHEN SOMEONE

1  OR MORE THAN SOMEONE WILL NO LONGER BE A DETAINEE, EITHER

2  BECAUSE THEY HAVE BEEN RECOVERED UNDER THE PROCESS OR THEY

3  HAVE HAD A TRIAL AND IT FOUND THAT THEY'RE NOT SUBJECT, OR

4  WHATEVER THE REASON IS, AND THEN THE SUPERVISED RELEASE

5  ISSUE IS GOING TO IMMEDIATELY BECOME CURRENT.

6  **MR. RENFER:**  I EXPECT THAT'S RIGHT, YES, SIR.

7  **THE COURT:**  BUT WE DON'T HAVE ANY GUIDANCE ON

8  THAT RIGHT NOW?

9  **MR. RENFER:**  NO, WE DO NOT.

10  **THE COURT:**  OKAY.

11  **MR. RENFER:**  OBVIOUSLY, WE'VE LOOKED AT IT, YOUR

12  HONOR, BUT AS FAR AS GUIDANCE IN THAT SENSE, NO.

13  **THE COURT:**  BECAUSE YOU ARE GOING TO HAVE A

14  MIXED BAG.  YOU WILL HAVE PEOPLE WHO HAVE BEEN THERE FOUR

15  YEARS AND HAD A THREE-YEAR TERMS OF SUPERVISED RELEASE AND

16  PEOPLE THAT HAVE BEEN THERE ONE YEAR AND HAD FIVE-YEAR

17  TERMS OF SUPERVISED RELEASE.  OR THE MORE RECENT IN TIME

18  CONVICTIONS OR SOME OF THE CONVICTIONS MAY HAVE LIFE

19  SUPERVISED RELEASE.  SO IT'S NOT GOING TO MATTER.

20  **MR. RENFER:**  YOUR HONOR, IT'S NOT OUR

21  GUIDANCE -- IT'S NOT GUIDANCE TO US AS SUCH, BUT I BELIEVE

22  THE ADMINISTRATIVE OFFICE OF THE COURTS HAS ISSUED AN

23  OPINION ON THAT THAT THE COURT MIGHT REVIEW.

24  **THE COURT:**  OKAY.  THANK YOU.

25  **MR. RENFER:**  THE COURT MIGHT BE AWARE OF THAT

1   ALREADY.

2           **THE COURT:**  NO, I'M NOT.

3           **MR. RENFER:**  YOU MIGHT LOOK AT THAT BECAUSE THAT

4   IS SOME.  AS I SAY, IT'S NOT GUIDANCE TO US BUT OBVIOUSLY

5   IT IS SOMETHING THAT WE WILL BE REVIEWING AT THE

6   APPROPRIATE TIME WHEN THIS ISSUE COMES TO THE FOREFRONT

7   AND MUST BE LITIGATED.

8           **THE COURT:**  THANK YOU.  MS. PEARCE?

9           **MS. PEARCE:**  JUST BRIEFLY, YOUR HONOR.  I HAVE

10  TO GO BACK IN MEMORY HERE, BUT THERE IS SOME CASE LAW

11  ADDRESSING THIS AREA.  IT'S UNCLEAR BECAUSE THE STATUTE

12  STATES, SUPERVISED RELEASE CANNOT COMMENCE UNTIL A

13  DEFENDANT IS RELEASED FROM CUSTODY.  AND THEN THE

14  SUPERVISED RELEASE STATUTE ITSELF, THERE'S AN INDICATION

15  THAT A DEFENDANT MUST SERVE AT LEAST ONE YEAR BEFORE A

16  COURT COULD MODIFY, ALTER, OR TERMINATE A TERM OF

17  SUPERVISION.  I BELIEVE THE CASE WAS *JOHNSON*.  I LITIGATED

18  THIS A NUMBER OF YEARS AGO.

19      AS RELATES TO THE STATUS OF THESE INDIVIDUALS HELD

20  NOW, IT IS UNCLEAR, AS THE GOVERNMENT ACKNOWLEDGES, BUT

21  THERE IS SOME LAW OUT THERE GIVING US SOMETHING TO WORK

22  WITH.

23          **THE COURT:**  WELL, I WOULD THINK THE WORD

24  "CUSTODY" IS A CRIMINAL DEFINITION AND INVOLVES THE

25  SERVICE OF YOUR SENTENCE, NOT THIS CIVIL DETENTION WHICH

1   IS UNDER THE STATUTE AND THE GOVERNMENT'S INTERPRETATION

2   IS CHARACTERIZED NOT AS CUSTODIAL.

3       **MS. PEARCE:**  EXACTLY.  AS WE DISCUSSED, I

4   BELIEVE IN OUR LAST SESSION, IS MR. ALDRICH IS A PRETRIAL

5   DETAINEE ON A CIVIL MATTER.  THAT'S HOW WE DESCRIBE HIS

6   STATUS.  SO IT'S A CIVIL MATTER.  SO HIS CRIMINAL

7   CUSTODIAL SENTENCE IS COMPLETE AND I BELIEVE, I HAVE TO GO

8   BACK AND REVIEW WHAT I LITIGATED A NUMBER OF YEARS AGO,

9   THAT IT WAS A QUESTION OF WHETHER ONCE ONE WAS COMMITTED

10  UNDER 4246, WHETHER A CIVIL COMMITMENT TOLLED THE

11  SUPERVISION PERIOD.  THESE INDIVIDUALS ARE IN DIFFERENT

12  PROCEDURAL POSTURE.

13      **THE COURT:**  WHAT HAPPENS TO SOMEBODY WHO'S -- I

14  HAVE SOME CASES, I DID ONE THIS MORNING, A PERSON WHO

15  ENTERED A PLEA OF GUILTY TO A CRIME AND THEN WAS

16  DETERMINED NOT TO BE COMPETENT TO GO FURTHER WITH THE

17  CRIMINAL CASE BECAUSE THEY LOST THEIR CAPACITY, AND SO

18  THEY HAVEN'T RECEIVED A SENTENCE YET.  BUT THEY HAVE BEEN

19  HELD FOR A SIGNIFICANT AMOUNT OF TIME TRYING TO BE

20  MEDICATED OR IMPROVED SO THAT THEY CAN THEN RECEIVE A

21  SENTENCE.  IS THAT CREDITABLE TIME OR NOT CREDITABLE TIME?

22      **MS. PEARCE:**  UNDER 18 U.S.C. SECTION 4244, THAT

23  DEALS WITH THE COMMITMENT OF AN INDIVIDUAL IN THAT

24  POSTURE, SO I BELIEVE THAT IS SORT OF A DEFAULT POSITION,

25  THAT THE TIME THAT INDIVIDUAL IS SERVING IS CREDITED

1  TOWARDS THE MAXIMUM POSSIBLE SENTENCE HE OR SHE COULD HAVE

2  RECEIVED.

3          **THE COURT:**  SO IF THEY ARE HELD FOR 12 MONTHS

4  UNDER THE MENTAL HEALTH COMPONENT BETWEEN THERE PLEA AND

5  THE DATE THAT THEY ARE SENTENCED AND THEY ARE SENTENCED TO

6  24 MONTHS, THEY WOULD GET 12 MONTHS CREDIT?

7          **MS. PEARCE:**  I BELIEVE THAT'S CORRECT, YOUR

8  HONOR.

9          **THE COURT:**  AND SUPPOSE THEY ARE GIVEN NO TERM

10 OF PRISON, WOULD IT GO AGAINST THEIR SUPERVISED RELEASE?

11         **MS. PEARCE:**  THAT I DO NOT KNOW.

12         **THE COURT:**  OKAY.  DO YOU WANT TO ADD ANYMORE TO

13 THIS CASE?

14         **MS. LITTLE:**  I JUST WANT TO ADD A LITTLE BIT

15 ABOUT THE FACT THAT A LOT OF OUR CASES, OUR CLIENTS HAVE

16 GONE BACK TO THEIR SENTENCING JUDGE TO CLARIFY THEIR TERM

17 OF SUPERVISED RELEASE, IF IT'S GOING TO EXPIRE WHILE HELD

18 IN CUSTODY OR NOT.  IT APPEARS IT'S A MIXED BAG AS TO SOME

19 JUDGES.

20         **THE COURT:**  EXPLAIN THAT TO ME.

21         **MS. LITTLE:**  THE CLIENTS HAVE ACTUALLY FILED

22 LETTERS, THEY'VE WRITTEN LETTERS TO THEIR SENTENCING

23 JUDGE.

24         **THE COURT:**  HIS SENTENCING JUDGE IS IN THE

25 NORTHERN DISTRICT OF NEW YORK.

1          **MS. LITTLE:** RIGHT. AND I DON'T KNOW IF HE'S

2    WRITTEN TO HIS JUDGE PRECISELY OR WHAT HIS JUDGE HAS

3    DECIDED, BUT I KNOW IN OTHER CASES SOME OF THE SENTENCING

4    JUDGES IN THE OTHER DISTRICTS HAVE SAID YES, WE'LL CREDIT

5    YOU, YOUR SUPERVISED RELEASE BEGAN ON YOUR RELEASE DATE.

6          **THE COURT:** THE JUDGE ISN'T GOING TO DO THAT

7    WITHOUT THE U. S. ATTORNEY. I MEAN, THE JUDGE ISN'T GOING

8    TO GET -- I'M NOT GOING TO GET A LETTER IN MY OFFICE AND

9    MAKE A LEGAL RULING ON THAT. I'M GOING TO HAVE IT

10   PRESENTED BY THE OPPOSING PARTIES.

11         **MS. LITTLE:** I AGREE. I'M JUST SAYING WE HAVE

12   SEEN THIS IN SOME OF OUR CASES. SO THAT'S WHY THERE'S A

13   MIXED BAG OUT THERE, WHAT'S HAPPENING WITH THE SUPERVISED

14   RELEASE.

15         **THE COURT:** FIRST OF ALL, THE JUDGE DOESN'T HAVE

16   ANY AUTHORITY TO CHANGE A SENTENCE AFTER THE SENTENCE IS

17   IMPOSED UNLESS IT'S DONE BY CONSENT. YOU CAN'T SAY I GAVE

18   YOU TOO MUCH TIME, TAKE A YEAR OFF.

19         **MS. LITTLE:** I AGREE WITH YOU. I'M JUST TELLING

20   YOU WHAT'S HAPPENED IN SOME OF THE CASES. WE DON'T KNOW

21   IF IT WAS ACTUALLY PRESENTED TO THE JUDGE IN OPEN COURT,

22   IF THERE WERE BRIEFS ON IT, WE JUST DON'T KNOW, BUT THERE

23   IS SOME OF THAT OUT THERE.

24        SO SOME OF OUR CLIENTS ARE SAYING THAT THEIR TERM OF

25   SUPERVISED RELEASE HAS BEEN COMPLETED OR IS PARTIALLY

1    COMPLETED, OR WHATEVER.  IN THIS CASE, IT HAS NOT BEEN

2    BECAUSE HE HAS THREE YEARS.

3            **THE COURT:**  BUT YOU JUST HAVE ONE DEPARTMENT OF

4    JUSTICE, SO THERE NEEDS TO BE COORDINATION AND

5    CONSISTENCY, DON'T YOU THINK, IN HOW THAT'S HANDLED?

6            **MR. RENFER:**  I WOULD ASSUME THAT IT WOULD DEPEND

7    UPON EACH UNITED STATES ATTORNEY'S OFFICE AND WHEN THEY

8    WOULD LOOK AT -- THE CRIMINAL DIVISION IN THAT OFFICE

9    WOULD LOOK AT THE INDIVIDUAL CASES AND MAKE A

10   DETERMINATION.  WE'VE NOT FACED THIS QUESTION PREVIOUSLY,

11   SO I'M JUST --

12           **THE COURT:**  BUT THAT DOESN'T SOUND RIGHT.  YOU

13   COULDN'T HAVE TEN DIFFERENT DISTRICTS AND HAVE TEN

14   DETAINEES, ALL OF WHOM HAVE THEIR SUPERVISED RELEASE

15   RUNNING, HAVE IT RUN OUT WHILE THEY'RE IN DETENTION AND

16   THEN FIVE OF THEM, YOU KNOW, THE DISTRICT COURT AND THE

17   U.S. ATTORNEY AGREE IT'S EXPIRED AND THEN IN FIVE THEY

18   DON'T AGREE.  THAT DOESN'T SEEM LIKE THAT'S GOING TO WORK

19   OUT.

20           **MR. RENFER:**  I UNDERSTAND, YOUR HONOR.

21           **THE COURT:**  OKAY.

22           **MS. LITTLE:**  YOUR HONOR, MY CLIENT'S INDICATED

23   TO US THAT HE WOULD LIKE TO ADDRESS THE COURT.

24           **THE COURT:**  ALL RIGHT.

25           **MR. ALDRICH:**  WHAT YOU WERE JUST TALKING ABOUT,

1   THERE'S TWO PEOPLE THAT HAVE FILED MOTIONS IN A COURT.

2   THEY GOT ORDERS BACK FROM THEIR JUDGES SAYING THAT THEIR

3   TIME IS RUNNING, BECAUSE WE'RE UNDER CIVIL, NOT CRIMINAL.

4   THOSE WERE ORDERS FROM THE COURT.

5       AND THEN OTHER PEOPLE, SOME HAVE WRITTEN TO PROBATION

6   OFFICERS AND THE PROBATION, UNDER 3624(E), OKAY, LIKE I

7   SAID, WE'RE UNDER CIVIL, NOT CRIMINAL, SO OUR PROBATION

8   SHOULD BE RUNNING.  AND THE PROBATION DEPARTMENT ALL SAID

9   THE SAME THING.

10          **THE COURT:**  OKAY.  THANK YOU.

11      ALL RIGHT.  I'LL FOLLOW UP ON YOUR HABEAS PETITION.

12  DO YOU HAVE A MOTION TO DISMISS HERE ALSO?

13          **MS. LITTLE:**  YES, YOUR HONOR, WE DO.  WE WILL BE

14  FILING A SUPPLEMENTAL MOTION LIKE WE HAVE IN THE OTHER

15  CASES.

16          **THE COURT:**  ALL RIGHT.  THANK YOU.

17

18

19

20

21

22                  END OF TRANSCRIPT

23

24

25

```
1                        CERTIFICATE

2        THIS IS TO CERTIFY THAT THE FOREGOING TRANSCRIPT OF

3    PROCEEDINGS TAKEN AT THE CRIMINAL SESSION OF UNITED STATES

4    DISTRICT COURT IS A TRUE AND ACCURATE TRANSCRIPTION OF THE

5    PROCEEDINGS TAKEN BY ME IN MACHINE SHORTHAND AND

6    TRANSCRIBED BY COMPUTER UNDER MY SUPERVISION.

7        THIS THE 6TH DAY OF JANUARY, 2011.

8

9                              /S/ DONNA J. TOMAWSKI

10                             DONNA J. TOMAWSKI
                               OFFICIAL COURT REPORTER
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```